UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| EDDIE CARROLL,<br><br>　　Petitioner,<br><br>v.<br><br>CALVIN MORTON, Warden, and<br>JAMES DONALD, Commissioner of the<br>Georgia Department of Corrections, et al.,<br><br>　　Respondents. | Case No. CV405-191 |

## REPORT AND RECOMMENDATION

Respondent Donald has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 8. For the following reasons, the Court recommends that respondent's motion be GRANTED.

## I. Background

On September 23, 1999, following a jury trial, petitioner was convicted in the Chatham County Superior Court of the sale of cocaine and possession of cocaine with intent to distribute. Resp. Ex. 2. Petitioner was

sentenced to thirty years' imprisonment. Id. The Georgia Court of Appeals affirmed the convictions and sentence on direct appeal on October 24, 2001. Carroll v. State, 555 S.E.2d 807 (Ga. App. 2001).

On October 23, 2002, petitioner filed an application for writ of habeas corpus in the Charlton County Superior Court. Resp. Ex. 1. The state court denied the petition for habeas relief on August 25, 2004. Resp. Ex. 3 at 16. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on September 20, 2005. Resp. Ex. 4. Petitioner filed the instant § 2254 petition on October 17, 2005. Doc. 1.

## II.  Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. In the absence of (1) an impediment to seeking federal habeas relief created by illegal state action, (2) the recognition of a new retroactively applied principle of constitutional law by the United States Supreme Court, or (3) a factual basis for habeas corpus relief that was not discoverable before the running of the limitations

period, the one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect. 28 U.S.C. § 2244(d)(1). A conviction becomes final when direct review is concluded or when the time allotted for seeking direct review has expired. 28 U.S.C. § 2244(d)(1)(A); see also Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). The one-year limitations period is also tolled while a prisoner seeks state habeas corpus relief. Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

Petitioner was convicted following his jury trial in Chatham County on September 23, 1999. The Georgia Court of Appeals affirmed his convictions and sentence on October 24, 2001. Petitioner did not file a motion for reconsideration with the Court of Appeals and did not seek a petition for writ of certiorari from the Georgia Supreme Court. His convictions therefore became final on November 5, 2001 when the ten day period for filing a notice of intention to apply for certiorari in the Georgia Supreme Court expired.[1] Ga. Sup. Ct. R. 38(a); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000).

---

[1] The ten day period actually expired on November 3, 2001, but as this day was a Saturday, the period expired the following Monday.

3

The one-year limitations period under AEDPA began to run when petitioner's convictions became final on November 5, 2001. When petitioner filed his state habeas corpus application in Charlton County on October 23, 2002, 352 days of the limitations period had elapsed. The limitations period was tolled while the habeas petition was pending in state court. 28 U.S.C. § 2244(d)(2) (time during which a properly filed application for state post-conviction review is pending shall not be counted toward any period of limitation under this section). The statute of limitations did not begin to run again until the Georgia Supreme Court denied petitioner's application for a certificate of probable cause on September 20, 2005. At that time, thirteen days remained in the one-year limitations period. Petitioner, however, did not file the instant petition until October 17, 2005, twenty-seven days after the denial of his application by the state supreme court. Consequently, petitioner's instant motion is untimely by some two weeks and should therefore be DISMISSED.

## III. Conclusion

Based upon the foregoing, respondent's motion to dismiss the instant

§ 2254 petition as untimely should be GRANTED and the instant petition should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 8th day of March, 2006.

                                                _/s/ G. M. Smith_
                                                UNITED STATES MAGISTRATE JUDGE
                                                SOUTHERN DISTRICT OF GEORGIA